**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

PHILLIP SINTA                                    Case No. 13-10151
                                                 Bankruptcy Case No. 12-57404

      Debtor.
_____/

PHILLIP SINTA,

      Appellant,

v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

      Appellee.
_____/

**OPINION AND ORDER (1) DENYING APPELLANT'S MOTION TO STAY STATE
COURT EVICTION PROCEEDINGS AND (2) AFFIRMING THE BANKRUPTCY
COURT'S DECISION TO LIFT THE AUTOMATIC STAY**

On October 26, 2010, Appellee Federal National Mortgage Association ("Fannie Mae") purchased Appellant Phillip Sinta's property located at 25400 Larkins Street, Southfield, Michigan in a sheriff's sale. Fannie Mae commenced eviction proceedings in Michigan's 46th District Court. On October 14, 2011, the 46th District Court entered an order of eviction, which Sinta unsuccessfully appealed. Sinta proceeded by filing for Chapter 13 bankruptcy. Fannie Mae moved the bankruptcy court for relief from the automatic stay so that it could continue the eviction proceedings. After a hearing was held on the motion, the bankruptcy court granted the requested relief on September 14, 2012, and lifted the automatic stay. Sinta appealed the bankruptcy court's decision on

September 26, 2012. The bankruptcy court dismissed Sinta's case on October 5, 2012, because he failed to attend the 341 First Meeting of Creditors.

Sinta, proceeding *pro se*, raises eight issues on appeal. Before submitting his appellate brief, however, Sinta moved this court to stay the eviction proceedings in the 46th District Court.

## I. DISCUSSION

### A. Motion to Stay Eviction Proceedings

The *Rooker-Feldman* doctrine states that lower federal courts lack subject matter jurisdiction to review state court decisions. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). The relevant inquiry is "the source of the injury." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Id.* The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Sinta's motion, though disjointed and hard to discern, attacks the 46th District Court's order of eviction against him and requests a stay of the eviction proceedings. Thus, the *Rooker-Feldman* doctrine applies, and the court lacks subject matter jurisdiction to review the 46th District Court's judgment. *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608-09 (6th Cir. 2008) (holding that the *Rooker-Feldman* doctrine applied when the source of the plaintiff's injuries was a state court's order of eviction);

*Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 873-74 (E.D. Mich. 2010) (finding that the plaintiff's claims challenging state court judgments of foreclosure, possession, or eviction were subject to the *Rooker-Feldman* doctrine). Accordingly, the court will deny Sinta's motion to stay the eviction proceedings in the 46th District Court.

### B. Bankruptcy Appeal

Sinta appeals the bankruptcy court's order lifting the automatic stay. A bankruptcy court's legal conclusions are reviewed *de novo*. *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 527 (6th Cir. 2002). Eight issues are raised on appeal: (1) Karen Patros, counsel for Fannie Mae, failed to comply with the bankruptcy court's scheduling order; (2) Patros was required to register as a "foreign agent" under the Foreign Agents Registration Act; (3) the bankruptcy court erred in citing *In re Glenn*, 760 F.2d 1428 (6th Cir. 1985) as controlling authority in its decision to lift the automatic stay; (4) the bankruptcy court violated Sinta's Sixth Amendment right to counsel; (5) the mortgage and its assignment violated the Truth in Lending Act; (6) the mortgage and its assignment violated the Racketeer Influenced and Corrupt Organizations Act; (7) the mortgage and its assignment violated the False Claims Act; and (8) the automatic stay should not have been lifted because Sinta was never advised of his statutory right of rescission.

Issues (3), (5), (6), (7), and (8) challenge the bankruptcy court's order lifting the automatic stay. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations and alterations omitted). Sinta's bankruptcy case was dismissed on October 5, 2012. Even if the bankruptcy court did err in lifting the

3

automatic stay, there is no longer an active bankruptcy case in which this court can impose a stay. Sinta cannot obtain relief from the bankruptcy court's order lifting the automatic stay, and the issues raised on appeal challenging that order are dismissed as moot. *In re Foreman*, 278 B.R. 92, 95 (D. Md. 2002) (dismissing as moot an appeal of a bankruptcy court's order lifting the automatic stay because the underlying bankruptcy case had been dismissed).

Issues (1) and (2) both address Patros's actions as counsel for Fannie Mae. Issue (1) claims that Patros violated the bankruptcy court's scheduling order while Issue (2) concerns whether Patros was required to comply with the Foreign Agents Registration Act. An issue is waived on appeal if it was not first presented to the bankruptcy court. *In re Ferncrest Court Partners, Ltd.*, 66 F.3d 778, 782 (6th Cir. 1995) (holding that an argument was waived because the appellant "fail[ed] to present it to either the bankruptcy or district court"); *In re Koenig Sporting Goods, Inc.*, 229 B.R. 388, 389 n.1 (B.A.P. 6th Cir. 1999) ("An argument is waived that is not first presented to the bankruptcy court."). As there is no indication that Plaintiff presented Issues (1) or (2) to the bankruptcy court, those issues are waived on appeal.

In Issue (4), Sinta argues that the bankruptcy court violated his Sixth Amendment right to counsel by denying his "motion for assistance of counsel" and precluding Douglas Bennett from representing him at the motion hearing for relief from the automatic stay. The objection is meritless. Bennett is not a licensed attorney, and the bankruptcy court correctly found that it could only appoint lawyers to represent debtors in judicial proceedings. If the bankruptcy court found otherwise, it would have allowed Bennett to practice law without a license. Additionally, the Sixth Amendment right to

4

counsel attaches only to criminal defendants, not bankruptcy petitioners. *See King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Appellant's motion to stay the state court eviction proceedings [Dkt. # 4] is DENIED.

IT IS FURTHER ORDERED that the bankruptcy court's decision to lift the automatic stay is AFFIRMED.

        s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: May 9, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522